UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROBATTER SPORTS LLC : | |
| : | |
| Plaintiff, : | Civil Action No.: |
| : | |
| v. : | |
| : | |
| JOHN D. HENDERSON and : | |
| SPORTS MACHINES AMERICA : | |
| : | |
| Defendants. : | APRIL 8, 2016 |

## COMPLAINT

The plaintiff, ProBatter Sports LLC, hereby files its complaint against the defendant, as follows:

## THE PARTIES

1. The plaintiff, ProBatter Sports, LLC ("ProBatter") is, and at all relevant times, has been, a Connecticut Limited Liability company with a principal place of business located in Milford, Connecticut.

2. The defendant, John D. Henderson ("Henderson"), is an individual residing at 1762 Westminster Avenue, Costa Mesa, California.

3. At all relevant times, Henderson has wholly owned, controlled, directed and conducted business as and/or through Sports Machines America located at 2110-A South Lyon Street, Santa Ana, California.

4. Sports Machines America holds itself out as being a properly organized and/or incorporated entity; however, the entity's status is suspended.

## JURISDICTION AND VENUE

5. This is an action for violation of the Patent Laws of the United States of America, 35 U.S.C. § 1, et al.

6. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Henderson, doing business as and/or through Sports Machines America, has transacted business in this State, by, without limitation, the offering for sale and/or selling of products within this Judicial District.

8. In particular, and without limitation, Henderson operates a website, http://www.sportsmachines.info/, that offers to sell and sells goods including infringing goods to Connecticut residents and businesses.

9. Additionally, Henderson has acted as an independent consultant for a third party, Sports Tutor, Inc., and in that capacity, Henderson has participated in the marketing, distribution, offering for sale and sale of goods, including infringing goods, to Connecticut residents and businesses.

10. Moreover, Henderson voluntarily acted as witness for Sports Tutor in a patent case litigated and tried in this Judicial District entitled *ProBatter Sports, LLC v. Sports Tutor, Inc.*, Civil Case Number 3:05-cv-01975-VLB.

11. Indeed, Henderson was represented by Sports Tutor's lawyers, travelled to Connecticut for the July 2015 trial, appeared in the Connecticut court on a number of days, but

then fled the jurisdiction, after the cross-examination of Sports Tutor's CEO and before he was called as a witness.

12. Thereafter, on March 23, 2016, the Court found that Sports Tutor infringed valid claims of ProBatter's U.S. patents and permanently enjoined Sports Tutor from making, using, offering for sale, and selling the HomePlate Machines.

13. Despite this, Henderson and Sports Machines America continue to offer for sale and/or sell the enjoined HomePlate Machines.

14. This Court has personal jurisdiction over Henderson because the cause of action arises out of: (i) Henderson's transaction of business within the state, (ii) Henderson's commission of tortious acts within the state, and/or (iii) Henderson's commission of tortious acts outside the state that have caused injury to ProBatter within the state given that Henderson regularly solicits business, engages in a persistent course of conduct, and/or derives substantial revenue from goods used in the state.

15. This Court has personal jurisdiction over Sports Machines America, if it is a separate corporate entity, because the cause of action arises out of (i) repeated solicitation of business in this state, (ii) the production, manufacture or distribution of goods with the reasonable expectation that such goods are to be used in this state and are so used in this state, and/or (iii) tortious conduct in this state.

16. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

### PROBATTER'S INTELLECTUAL PROPERTY RIGHTS

17. On February 6, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,182,649 ("the 649 Patent"). A copy of the 649 Patent is attached hereto as Exhibit A.

18. On April 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,546,924 ("the 924 Patent"). A copy of the 924 Patent is attached hereto as <u>Exhibit B</u>.

19. ProBatter is the owner by assignment of the 649 Patent and the 924 Patent.

20. The inventions claimed by the 649 Patent and the 924 Patent are embodied in ProBatter's commercial products, which have received substantial industry praise and have become a commercial success.

21. The legal right to exclusively market and sell products covered by ProBatter's patents is a valuable asset wholly owned by ProBatter.

22. ProBatter marks its commercial products with the 649 Patent and the 924 Patent numbers.

### COUNT ONE (DIRECT INFRINGEMENT OF THE 649 PATENT)

23. Paragraphs 1 through 22 are hereby incorporated as if fully set forth herein.

24. Henderson and/or Sports Machines America have offered to sell and/or sold an automated pitching machine under various names, the current of which is the HomePlate Ultimate.

25. Henderson and/or or Sports Machines America have also offered to sell and/or sold a second automated pitching machine called the HomePlate Premier.

26. Both HomePlate machines simulate a real-at-bat experience by generating almost any pitch within seven to ten seconds.

27. Both machines accomplish this feat by utilizing a combination of technologies including, without limitation, dynamic braking, a programmable controller, and horizontal and vertical linear actuators.

28. By offering for sale and selling the HomePlate machines within the United States, without authority, and during the patent term, Henderson and/or Sports Machines America have infringed at least one claim of the 649 Patent in violation of 35 U.S.C. § 271(a).

29. In particular, the offer for sale and sale of HomePlate machines infringe at least one – if not all – of the following claims of the 649 Patent: namely, claims 1-12, 25-27 and 31,

30. As a result of this infringing activity, ProBatter is entitled to an award of damages against Henderson and/or Sports Machines America, together with interest and costs, in accordance with 35 U.S.C. § 284.

31. The acts of infringement by Henderson and Sports Machines America currently are and have always been willful, entitling ProBatter to an award of increased damages pursuant to 35 U.S.C. § 284.

32. This case is exceptional under 35 U.S.C. § 285, entitling ProBatter to the recovery of reasonable attorneys' fees and costs in pursuing this matter to judgment.

33. Henderson and Sports Machines America are causing irreparable harm to ProBatter, and their acts of infringement should be enjoined.

### COUNT TWO (DIRECT INFRINGEMENT OF THE 924 PATENT)

34. Paragraphs 1 through 33 are hereby incorporated as if fully set forth herein.

35. By offering for sale and/or selling the HomePlate machines within the United States, without authority, during the patent term, Henderson and/or Sports Machines America have infringed at least claim 1 of the 924 Patent in violation of 35 U.S.C. § 271(a).

36. As a result of this infringing activity, ProBatter is entitled to an award of damages against Henderson and/or Sports Machines America, together with interest and costs in accordance with 35 U.S.C. § 284.

37. The acts of infringement are and have always been willful, entitling ProBatter to an award of increased damages pursuant to 35 U.S.C. § 284.

38. This case is exceptional under 35 U.S.C. § 285, entitling ProBatter to the recovery of reasonable attorneys' fees and costs in pursuing this matter to judgment.

39. Henderson and Sports Machines America are causing irreparable harm to ProBatter, and their acts of infringement should be enjoined.

## COUNT THREE (INDIRECT INFRINGEMENT OF THE 924 PATENT)

40. Paragraphs 1 through 39 are hereby incorporated as if fully set forth herein.

41. For many years, Henderson has known of ProBatter's U.S. Patents and that the HomePlate Machines contain the features claimed in those patents.

42. With such knowledge, Henderson has nevertheless encouraged, aided and abetted Sports Tutor, Sports Tutor's dealers and distributors, and Sports Machines America, to make, use, offer for sale and/or sell HomePlate machines that infringe claims of the 649 and 924 Patents.

43. Henderson has possessed and continues to possess, as evidenced by his disregard of the Court's Permanent Injunction Order, a specific intent to encourage others to infringe of ProBatter's U.S. Patents, and has significantly benefitted by doing so.

44. Accordingly, Henderson has actively induced infringement of the 649 and 924 Patents in violation of 35 U.S.C. § 271(b) and, therefore, by statute, he "shall be liable as an infringer."

45. As a result, ProBatter is entitled to an award of damages against Henderson together with interest and costs in accordance with 35 U.S.C. § 284.

46. Henderson's acts of induced infringement have been and remain to be willful, entitling ProBatter to an award of increased damages pursuant to 35 U.S.C. § 284.

47. This case is exceptional under 35 U.S.C. § 285, entitling ProBatter to the recovery of reasonable attorneys' fees and costs in pursuing this matter to judgment.

48. Henderson is causing irreparable harm to ProBatter, and like Sports Tutor, Henderson's acts of infringement should be enjoined.

## PRAYER FOR RELIEF

**WHEREFORE,** ProBatter prays for the following:

1. An Order enjoining the Defendants from offering for sale and selling the HomePlate Ultimate machine.

2. An Order enjoining the Defendants from offering for sale and selling the HomePlate Premier machine.

3. An award of money damages pursuant to 35 U.S.C. § 284.

4. An award of multiple damages pursuant to 35 U.S.C. § 284.

5. An award of interest and costs pursuant to 35 U.S.C. § 284.

6. An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

7. Such other relief as this Court deems just and proper.

## JURY DEMAND

ProBatter hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

THE PLAINTIFF,
PROBATTER SPORTS LLC.

By /s/ John R. Horvack, Jr.
John R. Horvack, Jr.
Federal Bar No. ct12926
Fatima Lahnin
Federal Bar No. ct24096
John L. Cordani, Jr.
Federal Bar No. ct28833
Carmody Torrance Sandak & Hennessey, LLP
195 Church Street
P.O. Box 1950
New Haven, CT  06509-1950
Tel:  203-777-5501
Fax:  203-784-3199
jhorvack@carmodylaw.com
flahnin@carmodylaw.com
jlcordani@carmodylaw.com